IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Joseph Lavern Robinson, | ) | Civil Action No. 4:12-843-TLW |
| | ) | Criminal No. 4:09-1271-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Joseph Lavern Robinson. ("Petitioner" or "Defendant"). On November 8, 2010, Petitioner pled guilty to Count 1 of the Indictment in this case, charging Petitioner with Conspiracy to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. (Doc. # 84). In the plea agreement, Petitioner and the United States of America ("Government") agreed to a stipulated sentence of fifteen (15) years imprisonment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Doc. # 80). On March 22, 2011, this Court sentenced Petitioner to the stipulated term of fifteen (15) years. (Docs. # 103 and # 105). Petitioner did not file an appeal.

On March 22, 2012, Petitioner filed the present action asserting two grounds of relief, both based upon a claim of ineffective assistance of counsel. (Doc. # 108). Petitioner's first claim for relief alleges that Attorney Cheveron T. Scott, Esq. ("Attorney Scott") was ineffective in failing to file an appeal on his behalf after agreeing to do so. Id. On May 22, 2012, the

Government filed its response in opposition and moved for summary judgment. (Docs. # 120 and # 121). This matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Petitioner asserts in his motion that his counsel was ineffective in failing to file an appeal on his behalf after being instructed to do so. (Doc. # 108). The Fourth Circuit has concluded that "a criminal defense attorney's failure to file a notice of appeal when requested deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). This deprivation of the right to appeal entitles a petitioner to relief under 28 U.S.C. § 2255. See id. Upon consideration of the evidence submitted in this case, the

Court finds that the Petitioner has sufficiently met his burden of proof with respect to the appeal claim.

## CONCLUSION

For the foregoing reasons, it is **HEREBY ORDERED** that Petitioner's motion for relief under 28 U.S.C. § 2255 is **GRANTED IN PART**; specifically, the motion is granted only with respect to Petitioner's claim that his attorney did not file a notice of appeal on his behalf after being directed to do so**.** (Doc. # 108). Therefore, the Court hereby vacates Petitioner's sentence of conviction and immediately reinstates and re-imposes his conviction. **The Petitioner will have 14 days from receipt of this Order to file a notice of appeal of his original conviction.** The remainder of Petitioner's claims are **DISMISSED** without prejudice. See United States v. Killian, No. 01-7470, 2001 WL 1635590 at *1 (4th Cir. 2001) (unpublished). In addition, pursuant to the dictates of Killian, Petitioner shall be appointed an attorney to assist him in his appeal. The Magistrate Judge is hereby directed to appoint counsel to represent Petitioner in the direct appeal of his Criminal Case No. 4:09-1271.

**IT IS SO ORDERED**.

                                                   s/Terry L. Wooten_____
                                                   TERRY L. WOOTEN
                                                   United States District Judge

August 15, 2012
Florence, South Carolina