UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Joseph Lavern Robinson, | ) | CR No. 4:09-1271-TLW |
| | ) | C/A No. 4:14-2162-TLW |
| PETITIONER, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Joseph Lavern Robinson ("Petitioner"). For the reasons stated below, the Court dismisses the petition.

**I. Factual and Procedural History**

On November 19, 2009, a federal grand jury returned a three-count Indictment charging Petitioner with firearm and drug offenses. ECF No. 17. On April 13, 2010, the United States of America ("Government") filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner that, based upon a prior South Carolina felony conviction for possession of crack cocaine, the Government was seeking enhanced penalties subjecting Petitioner to a mandatory minimum sentence of twenty years imprisonment under 21 U.S.C. 21 841(b)(1)(A).

On November 8, 2010, Petitioner entered into a written plea agreement with the Government in which he agreed to plead to Count One of the Indictment. ECF No. 80. The plea agreement included a waiver provision wherein Petitioner agreed to waive the right to contest his conviction

1

or sentence on direct appeal or other post-conviction actions including Section 2255[1] and called for a stipulated sentence under Federal Rule of Criminal Procedure 11(c)(1)(C) of fifteen years imprisonment. ECF No. 80 ¶¶ 16, 17. On November 8, 2010, Petitioner pled guilty to Conspiracy to Possess with Intent to Distribute and to Distribute more than 50 grams of cocaine base and more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1)(a) and (b)(1)(A) and § 846. ECF No. 84. On March 22, 2011, the Court sentenced Petitioner to the stipulated term of 180 imprisonment, followed by a five year term of supervised release and a special assessment of $100.00. ECF No. 103. Petitioner did not file an appeal.

The Presentence Report ("PSR") calculated the Petitioner's total offense level at 35 with a criminal history category of IV and, in consideration of the minimum required by statute, the guideline range for imprisonment was 235 to 293 months pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5G1.1(c)(2). ECF No. 97-2. On March 22, 2012, Petitioner filed a Section 2255 petition based upon claims of ineffective assistance of counsel. ECF No. 108. In his first claim, he alleged that Attorney Chevron T. Scott ("Attorney Scott") was ineffective in failing to file an appeal on his behalf after being instructed to do so.[2] The Court granted the petition with respect to this claim, and then vacated and immediately reimposed his conviction, which had the effect of allowing him to file a direct appeal. ECF No. 124.

On September 16, 2012, Petitioner filed an appeal. ECF No. 128. On May 28, 2013, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and dismissed Petitioner's appeal

---

[1]  Petitioner agreed to waive the right to contest his conviction or sentence on direct appeal or other post-conviction actions, including Section 2255. The waiver did not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. ECF No. 80 at ¶ 16.

[2]  Petitioner was initially represented by Attorney Richard Breibart ("Attorney Breibart"). On February, 2, 2011, Attorney Briebart moved to be relieved due to Petitioner's retention of Attorney Scott, and the Court granted the motion on March 2, 2011. ECF Nos. 92, 93.

finding that it lacked jurisdiction to consider the appeal under 18 U.S.C. § 3742(c). *United States v. Robinson*, 521 Fed. Appx. 196 (4th Cir. 2013). On June 6, 2013, the United States Probation office issued a Revised PSR pursuant to the Fair Sentencing Act ("FSA"). The only impact the FSA had on this case was that the term of supervised release decreased from five to four years. On July 30, 2013, the Court resentenced Petitioner under the FSA to 180 month imprisonment followed by a term of supervised release of four years and a special assessment of $100.00. ECF No. 164.

On June 2, 2014, Petitioner filed the instant Section 2255 petition asserting he was deprived of the effective assistance of counsel when Attorney Breibart[3] failed to inform him of a more favorable plea offer and failed to explain the law of conspiracy. ECF 169. Petitioner seeks an evidentiary hearing, appointment of counsel, and to withdraw his plea such that the parties can "revisit the bargaining table." ECF No. 169-1 at 7-8. On June 30, 2014, the Government filed a short, but persuasive response opposing the petition and moved for summary judgment. ECF Nos. 173, 174. The Government argues that the petition should be dismissed because the plea agreement that Petitioner entered into was the most favorable offer from the Government; that his assertions that he did not understand conspiracy due to his attorney's alleged failure to explain it are contradicted by Petitioner's sworn statements during his guilty plea; that an 11(c)(1)(C) plea is not appealable; and that Petitioner waived his rights to file a direct appeal and to file a petition under Section 2255. On August 8, 2014, Petitioner filed a reply to the Government's response and a response opposing the motion for summary judgment. ECF Nos. 177, 178. This matter is now ripe

---

[3] On August 28, 2013, and subsequent to the conclusion of his representation of Petitioner in the above-captioned criminal matter, Attorney Briebart pled guilty to mail fraud and was sentenced to 53 months imprisonment. Thereafter, on November 4, 2015, he was disbarred by the South Carolina Supreme Court. The Petitioner has not alleged that this had any effect on the representation he received in this case. After careful review, this Court concludes that the conviction and disbarment of Attorney Briebart was of no consequence to the legal representation provided to Petitioner in this matter. Breibart represented Petitioner through the plea stage. Attorney Scott represented Petitioner at the sentencing.

for decision.

**II. 28 U.S.C. § 2255**

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under Section 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a Section 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se filings, and finds that no hearing is necessary. Additionally, the appointment of counsel is within the discretion of the court, and the court must appoint counsel in a habeas proceeding only "[i]f an evidentiary hearing is required." Rule 8(c) of the Rules Governing Section 2255 Proceedings; see 18 U.S.C. § 3006A(2)(b). Because an evidentiary hearing is not required to resolve Petitioner's Section 2255 motion, it is not necessary for this court to appoint

counsel for Petitioner.

### III. Standard of Review

Petitioner brings this motion pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In this matter, the Government filed a motion for summary judgment. ECF No. 174. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255. (1986).

### IV. Discussion

As noted above, Petitioner contends that he is entitled to relief under Section 2255 because he was denied his constitutional right to the effective representation of counsel. He makes two arguments in support of this contention: (1) that Attorney Breibart failed to inform Petitioner of a prior, more favorable plea offer; and (2) that Attorney Breibart failed to explain the law of conspiracy to Petitioner.

To succeed on an ineffective assistance of counsel claim, Petitioner must show (1) that

5

counsel's acts or omissions fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Under the first prong, courts "apply" a 'strong presumption' that trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689). "[Counsel's] errors must have been so serious that he was not 'functioning as the counsel guaranteed the defendant by the Sixth Amendment.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

"In order to establish prejudice under the second prong of *Strickland*, a defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' A reasonable probability is a 'probability sufficient to undermine confidence in the outcome.'" *Roane*, 378 F.3d at 405 (quoting Strickland, 466 U.S. at 694). "When a defendant challenges a conviction entered after a guilty plea, [the] 'prejudice' prong of the test is slightly modified. Such a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" ). *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### A. Failure to Inform Petitioner of a Prior, More Favorable Plea

Petitioner contends that he received ineffective assistance of counsel during the plea negotiation stage because Attorney Breibart failed to offer him an advantaged plea. ECF No. 169-1 at 4. Specifically, Petitioner argues that "counsel failed to explain the advantages of a plea or that Petitioner could get a reduction for acceptance of responsibility"; that "counsel refused to bargain and advised Petitioner not to bargain, because Mr. Breibart could get the drug charge thrown-out";

6

that he "believes that the initial plea offer in this case was for ten years"; and, that, but for counsel's advice, he would have accepted the plea offer. ECF No. 169-1 at 2-6. Petitioner further argues that Attorney Breibart's actions caused Petitioner to be sentenced to a term of imprisonment that was at least five 5 years greater than that initially offered by the Government. Petitioner asserts that the Supreme Court cases of *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 566 U.S.___, 132 S. Ct. 1376 (2012), "expanded the Sixth Amendment right to effective assistance of counsel to cover cases of ineffective assistance by defense counsel solely in the plea bargaining phase". ECF No. 169-1 at 3.

In *Frye*, the Court held that defense counsel who failed to inform the defendant of a plea offer before the offer lapsed rendered ineffective assistance of counsel in violation of the Sixth Amendment. 132 S.Ct. at 1408. In *Lafler*, the Court held that a defendant received ineffective assistance of counsel when he was advised to reject a plea agreement, which resulted in defendant going to trial, being found guilty and receiving a sentence at trial that was more severe. 132 S.Ct. at 1381.

Defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012). Where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer Strickland's inquiry into whether "the result of the proceeding would have been different," 466 U.S. at 694, requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed. *Id.* Here, Petitioner's arguments, that he received ineffective assistance of counsel due to Attorney's Breibart's alleged failure to present a favorable plea agreement, are belied by the

record.

The Government asserts that originally, and notably, it had filed a Section 851 enhancement which subjected Petitioner to a mandatory twenty year sentence and, had Petitioner gone to trial, his guideline range would have been 324-405 months. ECF No. 173. The Government states that the November 8, 2010 plea agreement was the most favorable offer in this case because it contained a stipulated sentence of fifteen years. ECF No. 173. This contention is supported by affidavit of Attorney Breibart. Attorney Breibart attests that, on November 8, 2010, the same day that the Court selected a jury in this matter, the Government offered Petitioner another plea agreement which provided, inter alia, that Petitioner would plead guilty to Count 1 of the Indictment (Conspiracy to Possess with Intent to Distribute) and, provided that if Petitioner complied with the terms of the agreement, the Government agreed to a stipulated sentence of fifteen years[4]. ECF No. 119 at ¶ 14. Attorney Breibart attests that he discussed this plea agreement with Petitioner and that Petitioner accepted it. ECF No. 119 at ¶ 16. Finally, Attorney Breibart attests that the November 8, 2010 plea agreement was the better offer made to Petitioner. ECF No. 119 at ¶ 27.

A jury was selected in this matter on November 8, 2015. The record reflects that, later that same day, the Court conducted a hearing in compliance with Rule 11 of the Federal Rules of Criminal Procedure[5] before accepting Petitioner's guilty plea. ECF No. 84. At this hearing,

---

[4]Attorney Briebart indicated that the Government initially offered Petitioner a plea agreement on or about April 13, 2010, around the same time the Government filed a Section 851 Information subjecting Petitioner to a mandatory twenty year sentence if convicted. ECF No. 119 ¶ 1. Attorney Breibart further indicated that, at that time, Petitioner did not accept the April 13, 2010 plea offer choosing instead to "exercise his right to trial by jury." ECF No. 119 ¶¶ 5-7.

[5]Courts use the Rule 11 colloquy as a means to cure potential deficiencies and to ensure that the defendant is not prejudiced in his plea. *See United States v Foster*, 68 F.3d. 86, 88 (4th Cir. 1995). Ultimately, the authority to decide whether or not to enter a guilty plea lies with the defendant. *See Florida v. Nixon*, 543 U.S. 175 (2004)(citing *Jones v. Barnes*, 463 U.S. 745(1983)). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992).

Petitioner did not indicate any dissatisfaction with Attorney Breibart or with the plea agreement that he had entered into, nor did Petitioner reference that a more favorable agreement that had been offered.

It is well-established that "findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea." *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). "Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated . . . ." *Id.* Furthermore, even if counsel gave Petitioner erroneous advice prior to the plea, "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information, given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant." *Id.*

Additionally, Petitioner's allegations have no merit as his fifteen year sentence was imposed pursuant to his Rule 11(c)(1)(C) stipulation in his plea agreement, not pursuant to the guidelines. ECF No.   ECF No. 80 ¶¶ 16, 17; *United States v. Powell*, 347 F. App'x. 963, 965 (4th Cir. 2009) ("A sentence imposed pursuant to a Rule 11(c)(a)(C) plea agreement is contractual and not based upon the guidelines") (citing *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005)). According to the PSI, the guideline range for imprisonment was 235 to 293 months pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5G1.1(c)(2). ECF No. 97-2 ¶ 108. The 11(c)(1)(C) sentence was well below the calculated range.

Finally, Petitioner does not provide any specific facts about the alleged more favorable plea offer that he references, other than to state he "believes" that the initial offer was for 10 years. ECF No. 169-1 at 5. Petitioner's bald self-serving assertion concerning this alleged plea offer,

9

unsubstantiated by any documentation or testimony is not sufficient to create a material issue of fact to support his claim. *See Angel Medical Center, Inc. v. Abernathy*, 1 F. App'x. 217 (4th Cir. 2001). His "belief" is simply not enough to warrant any relief.

For these reasons, Petitioner fails to show conduct by defense counsel that was objectively unreasonable and prejudicial.

2. **Failure to explain the law of conspiracy**

Petitioner next appears to challenge the voluntariness of his claim. He contends that Attorney Breibart was ineffective for failing to explain the law of conspiracy to him and, as such, he did not plead guilty knowingly, voluntarily, or intelligently. ECF No. 169-1. This contention is unsupported by the record and is contradicted by Petitioner's own statements at the Rule 11 colloquy.

The record reflects that the Court conducted a thorough and proper Rule 11 colloquy. During the Rule 11 colloquy the Court explained that Petitioner was charged with committing a conspiracy offence and asked Petitioner whether he had fully discussed the charges with his attorney and whether he was fully satisfied with his attorney and Petitioner answered affirmatively to both questions. ECF No. 143 at 3-6. The Court also asked Petitioner if he wanted counsel do anything more for him and Petitioner indicated he did not. ECF No. 143 at 6. Further, during the Rule 11 colloquy, the Court provided a definition of conspiracy and explained the elements that comprised the conspiracy to Petitioner. ECF No. 143 at 26-28. The Court asked Petitioner if he understood the elements that had been explained and, Petitioner indicated he understood. ECF No. 143 at 28.

The record reflects that Petitioner understood the law of conspiracy and that he plead guilty knowingly, voluntarily, or intelligently. Thus, Petitioner is not entitled to relief on this ground.

## V. Conclusion

For the reasons stated, the Government's motion for summary judgment, is **GRANTED** and Petitioner's motion for relief pursuant to Section 2255, ECF No. 86, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

December 22, 2015
Columbia, South Carolina

11